# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MICHAEL KELLY,**

    **Plaintiff,**

**VS.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.:** _____

　　　　　　　　　　　　　　　　　　　　　**JURY DEMANDED**

**NEXAIR, LLC,**

    **Defendant.**

## COMPLAINT

Comes now the Plaintiff, Michael Kelly, by and through counsel of record and would file this Complaint for Damages against Defendant NEXAIR, LLC and for cause of action would respectfully state and allege as follows:

## JURISDICTION AND VENUE

1.  This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 as these parties are citizens of different states and the amount in controversy regarding the Plaintiff's claims exceed $75,000.00 (Seventy-Five Thousand Dollars).

2.  Venue is proper for this cause because this cause of action arose within Shelby County, Tennessee.

1

## PARTIES

3. Plaintiff Michael Kelly is and was an adult resident citizen of Hughes, St. Francis County, Arkansas on or about September 20, 2018 and was so at all relevant times to this Complaint.

4. Defendant NEXAIR, LLC is an active Limited Liability Company registered in the State of Tennessee and was so on or about September 20, 2018 and at all times relevant to this Complaint, with its principal address located in Shelby County, Tennessee at 1350 Concourse Ave., Suite 103, Memphis, TN 38104.

5. The registered agent for service of process on Defendant NEXAIR, LLC is Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

6. Plaintiff Michael Kelly will be hereinafter referred to as "Plaintiff" and/or "Plaintiff Kelly" in this cause of action.

7. Defendant NEXAIR, LLC will be hereinafter referred to as "Defendant" and/or "Defendant NEXAIR, LLC".

## FACTS

8. This cause of action arose out of personal injuries suffered by the Plaintiff Kelly on Defendant NEXAIR LLC'S premises and place of business on September 20, 2018.

9. On or about September 20, 2018, Plaintiff Michael Kelly was an independent contractor and/or employee of Blue Sky Couriers, Inc. which was and/or is in the business of providing delivery services.

10. On or about September 20, 2018, Plaintiff Michael Kelly would pick up, transport and

deliver items for customers of Blue Sky Couriers.

11. On or about September 20, 2018, Plaintiff Michael Kelly was dispatched to Defendant NEXAIR, LLC's place of business located at 363 Walnut Street in Memphis, Tennessee so that Plaintiff could pick items from Defendant NEXAIR, LLC to deliver.

12. On or about September 20, 2018, Plaintiff Michael Kelly was a guest and/or invitee of Defendant NEXAIR, LLC at the time Plaintiff was injured and at all relevant times to this Complaint.

13. On or about 8:00 a.m. on September 20, 2018, Plaintiff Michael Kelly arrived at Defendant's place of business and Plaintiff parked his automobile and/or van in front of the loading dock and walked up the ramp leading to the loading dock and the large warehouse door used by individuals on Defendant's premises to go into and out of the Defendant's warehouse.

14. At all relevant times to this Complaint, Plaintiff Michael Kelly was acting in a safe and reasonable fashion under the circumstances.

15. On September 20, 2018 and before that date, it was the custom and accepted practice on Defendant's premises and at Defendant's place of business for guests, invitees and individuals such as Plaintiff, to walk in and walk out of the Defendant's warehouse by first parking in the Defendant's lot, walking up the loading dock ramp and to enter and leave the Defendant's warehouse by walking through the Defendant's large warehouse door immediately located next to the ramp.

16. Defendant's large warehouse door way referred to in Paragraph No. 15. is covered entirely by a very large sheet of hard plastic or other material and/or plastic slats which are impossible and/or very difficult to see through while standing outside on the Defendant's dock next to the warehouse large door way entrance.

17. On or about September 20, 2018 and at all relevant times to this Complaint, Defendant's guest, invitees and individuals such as Plaintiff were allowed by Defendant to walk up the ramp to the loading dock and to enter and exit the Defendant's warehouse by walking through the large warehouse door way covered with the hard plastic and/or hard plastic slats.

18. On or about September 20, 2018, Defendant had no warnings posted and/or visible in the area where invitees, guest and individuals such as the Plaintiff attempted to enter Defendant's warehouse, would see or place anyone on notice that Defendant's forklift(s) were operating on the loading dock and using the large warehouse door way for the forklift(s) to exit the Defendant's warehouse.

19. Defendant's accepted practice and custom of allowing guests, invitees and individuals such as the Plaintiff to walk up the ramp and to enter and exit the Defendant's warehouse large door way covered in hard plastic, materials and/or plastic slats on September 20, 2018 and at all relevant times to this Complaint, constituted a dangerous condition existing on the Defendant's premises that Defendant created and Defendant had notice and knowledge of said dangerous condition prior to and at the time of Plaintiff's injuries in this cause.

20. On or about September 20, 2018 and at all relevant times to this Complaint, Plaintiff Michael Kelly, while standing next to the entrance of the large warehouse door way covered in hard plastic, materials and/or plastic slats, announced his presence before entering the Defendant's warehouse door and attempted to look through the hard plastic, materials and/or plastic slats covering the large warehouse door way before he entered, when Plaintiff was unexpectedly and violently struck by Defendant's forklift backing out of the Defendant's warehouse door way entirely covered in hard plastic and/or plastic slats.

21. As a direct and proximate cause and/or result of being violently struck by Defendant's

forklift being negligently and/or recklessly driven and operated by Defendant's employee Cody Frazier, Plaintiff suffered severe and permanent injuries, including but not limited to broken clavicle, broken scapula and a closed head injury and/or traumatic brain injury along with injuries to his body.

22. As a direct and proximate cause and/or result of being violently struck by Defendant's forklift, Plaintiff was knocked off of the Defendant's loading dock and fell several feet and landed on the Defendant's asphalt and/or concrete parking lot.

23. As a direct and proximate cause and/or result of being violently struck by Defendant's forklift, Plaintiff suffered permanent traumatic brain injury when Plaintiff was knocked unconscious and suffered a closed head injury on Defendant's premises.

24. As a direct and proximate cause and/or result of being struck by Defendant's forklift, Plaintiff suffered severe and permanent bodily injuries and Plaintiff was treated at the Defendant's premises by emergency medical personnel and transported by ambulance to Regional One Hospital emergency room where Plaintiff received medical treatment for his injuries.

25. All of the events described in Paragraph Nos. 8-24 occurred and took place on the premises of the Defendant's place of business located at 363 Walnut Road in Memphis, Tennessee.

26. As a direct and proximate cause and/or result of Defendant's negligence and/or reckless conduct, Defendant's forklift violently struck the Plaintiff causing the Plaintiff to fall to the ground, the Plaintiff suffered severe and permanent damages and injuries to his body, including but not limited to: serious and permanent injury with traumatic brain injury and/or closed head injury, broken bones with a fractured scapula and a fractured clavicle and injuries to Plaintiff's body, medical bills incurred, medical treatment, future medical bills, physical therapy medical

treatment including but not limited to extensive rehabilitation for medical care, loss of enjoyment of life (past), loss of enjoyment of life (future), pain and suffering in the past, pain and suffering in the future, permanent impairment and/or permanent disability, loss of wages and/or loss of earning capacity.

27. Plaintiff alleges that Defendant was guilty of negligence, reckless and/or wanton conduct on September 20, 2018 with each proximately and directly causing the severe and permanent injuries and damages of the Plaintiff.

28. Plaintiff alleges that his severe and permanent injuries and damages were directly and proximately caused by and/or the result of the Defendant's negligence, gross negligence, reckless or wanton on September 20, 2018.

## ACTS OF NEGLIGENCE

29. Plaintiff charges, alleges and avers that Defendant was guilty of the following acts of common law negligence under Tennessee law, which was (were) the direct, proximate and legal cause of the Plaintiff's permanent and severe injuries in this cause, to wit:

   a. Defendant was negligent in the hiring, training and retention of its employee Cody Frazier;
   b. Defendant was negligent in the supervision of its employee Cody Frazier;
   c. Defendant was negligent on September 20, 2018 in failing to warn and/or place the Plaintiff on notice of the known danger of operating forklifts on the Defendant's premises in an area where guests, invitees and individuals such as the Plaintiff were walking and

entering the Defendant's warehouse.

    d.   Defendant was negligent on September 20, 2018 in failing to warn and/or place the Plaintiff on notice of a known dangerous condition of operating forklifts on the Defendant's premises immediately in the area where Defendant's guests, invitees and individuals such as the Plaintiff would be when entering the Defendant's warehouse when Defendant created said dangerous condition and had notice thereof prior to the Plaintiff's injuries and accident.

30.  Plaintiff alleges that as the Defendant was guilty of negligence and that said negligence was the direct, proximate and legal cause of the Plaintiff's injuries and damages alleged in this cause.

## ACTS OF RECKLESS CONDUCT

31.  Plaintiff hereby adopts in verbatim paragraph Nos. 1-30 of this Complaint as if stated herein in verbatim but Plaintiff specifically substitutes the word "reckless" for "negligent" and "recklessness" for "negligence" for the purpose of pleadings in this cause.

32.  Plaintiff alleges that as a direct and proximate cause and/or result of the Defendant's reckless conduct in this cause, that Plaintiff suffered the injuries and damages in this cause including but not limited to medical bills, medical treatment, including but not limited to traumatic brain injury and/or closed head injury, broken clavicle, broken scapula and extensive physical therapy, future medical treatment, pain and suffering (past and future), loss of enjoyment of life (past and future), permanent impairment and permanent disability, loss of wages and loss of earning capacity.

## ACTS OF WANTON CONDUCT

33. Plaintiff adopts the Complaint as stated in Paragraphs 1-32 herein as if stated in verbatim but Plaintiff specifically substitutes the word "wanton" for "negligent" and "wanton conduct" for "negligence" for the purpose of the pleadings in this cause.

34. Plaintiff alleges that as a direct and proximate cause and/or result of the Defendant's wanton conduct in this cause, that Plaintiff suffered the injuries and damages in this cause including but not limited to medical bills, medical treatment, including but not limited to broken clavicle, broken scapula, traumatic brain injury and/or closed head injury and extensive physical therapy, future medical treatment, pain and suffering (past and future), loss of enjoyment of life (past and future), permanent impairment and permanent disability, loss of wages and loss of earning capacity.

35. Plaintiff's injuries and damages were directly, legally and proximately caused by and the result of the negligence and/or reckless conduct and/or wanton conduct of Defendant.

36. Defendant is guilty of every act of negligence, gross negligence, wanton conduct and reckless conduct committed by its employees, agents and/or servants including but not limited to Cody Frazier, by virtue of the Doctrines of Agency and Respondeat Superior.

## DAMAGES

37. Plaintiff alleges that as a direct and proximate cause and result of Defendant's negligence and/or reckless conduct and/or wanton conduct stated within this pleading, Plaintiff has suffered severe and permanent damages, including but not limited to:

a. Pain and Suffering (Past and Future);

b. Loss of Enjoyment of Life (Past and Future);

c. Medical Bills and Expenses;

d. Future Medical Expenses, Bills and Treatment;

e. Severe Emotional Distress;

f. Permanent Impairment;

g. Physical and Emotional Injuries and Damages.

h. Loss of Wages;

i. Loss of Earning Capacity.

38. Plaintiff has suffered extreme pain and suffering and it was directly and proximately caused by the negligent, reckless conduct and/or wanton conduct of Defendant.

39. Plaintiff seeks all compensatory damages from Defendant which are available under Tennessee law.

40. Plaintiff alleges that Defendants are guilty of reckless and wanton conduct in directly, legally and proximately causing each and all of the Plaintiff's injuries and damages and Plaintiff seeks punitive damages against the Defendant for reckless conduct and wanton conduct.

41. Plaintiff files this cause of action seeking a judgment against Defendant for his personal injuries and damages which were caused by and/or proximately caused by the negligence, gross negligence and/or reckless conduct and/or wanton conduct of Defendant.

## **PRAYER FOR RELIEF**

1. That a copy of this Complaint be served upon the named Defendant and be required to answer this Complaint.

2. That Plaintiff Michael Kelly be awarded compensatory damages against Defendant in the amount of $2,000,000.00 (Two Million Dollars).

3. That Plaintiff be awarded punitive damages against the Defendant in the amount of $2,000,000.00 (Two Million Dollars)

4. That the Plaintiff have such other relief, both general and specific to which he may be entitled to and the costs of this cause.

**JURY TRIAL DEMANDED**

    Respectfully submitted,

    s/Daniel A. Seward
    Daniel A. Seward (#13411)
    SEWARD LAW FIRM
    Attorney for Plaintiff
    4510 Chickasaw Road
    Memphis, TN 38117
    (901) 647-5848